**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE-OPELOUSAS DIVISION**

| | |
|---|---|
| **CHERYL HILL, ET AL** | *** CIVIL ACTION NO. 07-1607** |
| **VS.** | *** JUDGE WALTER** |
| **SHERIFFS OFFICE IBERIA PARISH, ET AL** | *** MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION ON MOTIONS TO DISMISS

Pending before the undersigned for report and recommendation is the Motion to Dismiss Pursuant to FRCP 12(b) filed by defendants, Hilda Curry (the "Mayor"), and Therese Segura, Ernest Wilson, David Broussard, Rocky Romero, Raymond Lewis, Dan Doerle and Freddie DeCourt (collectively, the "City Council"), in their individual capacities, on May 21, 2008 [rec. doc. 26]. Plaintiffs filed a response on June 11, 2008. [rec. doc. 39]. The Mayor and the City Council filed a reply on June 26, 2008. [rec. doc. 48]. Oral argument was held on September 17, 2008, after which the undersigned took the motion under advisement. [rec. doc. 70].

*Background*

Plaintiffs filed this civil rights action for damages allegedly caused when sheriff's deputies used excessive force and discharged tear gas into a group of people during the Sugar Cane Festival in New Iberia, Louisiana, on September 24, 2006. Plaintiffs' claims are asserted under 42 U.S.C. §1983 and Louisiana state law. Plaintiffs seek general and

special compensatory damages, punitive/exemplary damages, reasonable attorney's fees, and costs.

By the instant Motion, the defendants contend: (1) plaintiffs offer no facts to establish a cause of action against them in their individual capacities; (2) defendants are entitled to legislative immunity; (3) defendants are not the employers of the defendant sheriff's deputies; (4) plaintiffs' state law claims fail, since defendants are not the employers for the defendant sheriff's deputies, and (5) defendants are entitled to attorney's fees pursuant to 42 U.S.C. § 1988.

### ***Standard on Motion to Dismiss***

In deciding a Rule 12(b)(6) motion to dismiss, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Guidry v. American Public Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (*citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *petition for cert. filed*, (U.S. Nov. 26, 2007) (No. 07-713)). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.*; *Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (citation and footnote omitted).

In resolving a Rule 12(b) motion, the court is generally limited to considering only those allegations appearing on the face of the complaint. *Cyrio v. Hunt*, 2007 WL

2772222 at * 4 (E.D. La. Sept. 19, 2007). However, matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may be taken into account. *Id.* (citing *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3rd Cir.1990)). "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (*citing Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir.2000)).

## *Municipal Liability*

To the extent that plaintiffs name the Mayor and the City Council as defendants in their individual capacities, they failed to state a claim upon which relief may be granted. In a §1983 action, a municipality cannot be held liable under a theory of *respondeat superior*; rather, liability must be based upon a municipality's official or unofficial policy, custom or procedure which causes a deprivation of plaintiff's constitutional rights. *Monell v. Department of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivation; or (ii) implement unconstitutional policies that causally result in plaintiff's injury. *Gates v. Texas Dept. of Protective and Regulatory Services*, 537 F.3d 404, 435 (5th Cir. 2008); *Baker v. Putnal*, 75 F.3d 190, 199 (5th Cir.1996).

Here, plaintiffs do not contend that the Mayor and the City Council members had any personal involvement with the events at issue. Instead, their sole claim against the City Council is that they "dispatched" the Iberia Parish Sheriff's deputies to the scene of the altercation. [rec. doc. 5, ¶ 9].[1] Only the *direct* acts or omissions of government officials will give rise to individual liability under § 1983. (emphasis added). *Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999). As plaintiffs have failed to allege any direct involvement by members of the City Council in the incident at issue, they have failed to establish individual liability against these defendants under the first test.

As to the second prong, plaintiffs have alleged that the City Council improperly trained, oversaw, controlled or improperly equipped the sheriff's deputies. [rec. doc. 5, ¶ XXXII). To be liable based on an unconstitutional policy or custom, "the plaintiffs must show, among other things, either (1) that the policy itself violated federal law or authorized or directed the deprivation of federal rights or (2) that the policy was adopted or maintained by the municipality's policymakers with deliberate indifference as to its known or obvious consequences. . . . A showing of simple or even heightened negligence will not suffice." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir. 2004); *see also Escobar v. City of Houston*, 2007 WL 2900581, at *6 (S.D.Tex. Sept. 29, 2007).

---

[1] Clearly, the City Council did not factually "dispatch" the deputies to the scene. That allegation is patently absurd.

Here, plaintiffs allege that the City Council failed to properly train, oversee, control, or properly equip the sheriff's deputies. It is clear that a municipality's policy of failing to train its officers can give rise to § 1983 liability. *Brown v. Bryan County*, 219 F.3d 450, 457 (5th Cir. 2000). To succeed on their claim of failure to train or supervise, plaintiffs must show that "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Gates*, 537 F.3d at 435 (*quoting Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 381 (5th Cir.2005)).[2]

With respect to the third prong, the Fifth Circuit has held that "deliberate indifference" is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Estate of Davis*, 406 F.3d at 381-382. For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id*. Deliberate indifference requires a showing of more than negligence or even gross negligence. "To satisfy the deliberate indifference prong, a plaintiff usually must demonstrate a pattern of violations and that the inadequacy of the training is 'obvious and obviously likely to result in a constitutional violation.' " *Id*. (*quoting Cousin*, 325 F.3d at 637).

---

[2]Furthermore, the City Council did not have the duty to train or supervise deputy sheriffs. See the discussion below regarding the Iberia Parish Law Enforcement District.

In this case, plaintiffs' conclusory allegations of inadequate oversight, training, supervision, control, and improperly equipping deputies are inadequate to state a claim against the Mayor and the City Council. Plaintiffs have not alleged any pattern of civil rights violations by the sheriff's deputies that would have or should have been known by the Mayor and the City Council. In fact, there has been no showing that these deputies were in any way trained or controlled by these city officials. *Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Instead, the contract between the City and the Iberia Parish Law Enforcement District, called the Cooperative Endeavor Agreement for Law Enforcement Services, states all deputy sheriffs are considered employees of the Iberia Parish Law Enforcement District through the sheriff. [rec. doc. 26, Ex. A, p. 4, ¶ 14].

Accordingly, I find that plaintiffs have failed to state a cause of action against the Mayor and the City in their individual capacities under § 1983.

*__Legislative Immunity__*

Next, defendants argue that they are entitled to legislative immunity. It is well established that state and regional legislators are entitled to absolute immunity from liability under § 1983 for their legislative activities. *Bogan v. Scott-Harris*, 523 U.S. 44, 49, 118 S.Ct. 966, 970, 140 L.Ed.2d 79 (1998). Local legislators are likewise absolutely immune from suit under § 1983 for their legislative activities. *Id*. The Fifth Circuit has extended legislative immunity against damages in their individual capacities to parish police jurors as well. *Calhoun v. St. Bernard Parish*, 937 F.2d 172, 174 (5th Cir. 1991).

The Supreme Court has applied this immunity to city council members. *Bogan*, 523 U.S. at 48, 118 S.Ct. at 970. The Fifth Circuit has also extended the doctrine of absolute legislative immunity to local legislators. *Hernandez v. City of Lafayette*, 643 F.2d 1188, 1193 (5th Cir.1981), *cert. denied*, 455 U.S. 907, 102 S.Ct. 1251, 71 L.Ed.2d 444 (1982); *see Dunmore v. City of Natchez*, 703 F.Supp. 31, 32 (S.D.Miss.1988) (holding that legislative immunity extends to city council members and that "such immunity for the individual actions of a councilman or board member is limited to conduct in furtherance of their legislative duty").

"Not all actions taken by an official with legislative duties, however, are protected by absolute immunity-only those duties that are functionally legislative." *Craig v. Police Jury Parish*, 265 Fed.Appx. 185, 189 (5th Cir. 2008) (*quoting Hughes v. Tarrant County Tex.*, 948 F.2d 918, 920 (5th Cir.1991)). Whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it." *Hughes*, 948 F.2d 920 (*quoting Bogan*, 523 U.S. at 54, 118 S.Ct. 966. This Circuit has applied guidelines borrowed from the First Circuit to determine if an act is legislative. *Hughes*, 948 F.2d at 921. The First Circuit examines the "nature of the facts used to reach the given decision," then "focuses on the particularity of the impact of the state of action." *Cutting v. Muzzey*, 724 F.2d 259, 261 (1st Cir.1984) (internal quotations omitted).

Here, the Mayor and the City Council assert that they conducted "integral steps in the legislative process" by passing ordinances and deciding to cease management of its

7

own police department but, instead, entering into an agreement for law enforcement services with the sheriff's office in order to save money. [rec. doc. 26, p. 10]. Similarly, in *Craig*, the court found that the police jury conducted "integral steps in the legislative process" by passing an ordinance and deciding to cease maintenance on a road, ostensibly to save money. As the Fifth Circuit noted: "Objectively, the police jury passed an ordinance implicating the fiscal priorities of the parish, which bears 'the hallmarks of traditional legislation.'" *Id*. at *191. In finding that the Grant Parish Policy Jury was entitled to absolute immunity, the court noted that the police jury had discussed the issue of abandoning part of a road to save costs at a meeting, held a public hearing on the issue, and passed an ordinance to abandon maintenance of the road, all of which were integral steps in the legislative process.

Here, the closing of the police department and turning over law enforcement to the sheriff was a major issue that was heatedly debated at several meetings and eventually resulted in an election by the public. The issue evolved into the passing of a resolution authorizing the mayor to sign a cooperative agreement on behalf of the City of New Iberia for law enforcement services with the Iberia Parish Law Enforcement District after a favorable vote by the people. The City Council's actions in passing this ordinance bear the "hallmark of legislative activity" because they involved the allocation of city resources in order to save money by eliminating one of the law enforcement agencies.

Based on the foregoing, I find that the Mayor and the City Council are entitled to absolute immunity in their individual capacities.[3]

## *State Law Claims*

Next, defendants asserts that they cannot be vicariously liable to plaintiffs under state law because they are not the employers of the sheriff's deputies made defendants herein.

Under Louisiana law, "[m]asters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed." LA. CIV. CODE art. 2320. It is well established that art. 2320 imposes liability on a sheriff, in his official capacity as employer of his deputy (but not in a personal capacity), for the deputy's torts in the course and scope of employment. *Jenkins v. Jefferson Parish Sheriff's Office,* 402 So.2d 669, 669 (La. 1981); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 470 (5th Cir. 1999). Additionally, the Cooperative Endeavor Agreement for Law Enforcement Services states all deputy sheriffs are considered employees of the Iberia Parish Law Enforcement District, represented by the sheriff. [rec. doc. 26, Ex. A, p. 4, ¶ 11].

Accordingly, the Mayor and the City Council are not liable to plaintiffs under Louisiana tort law.

---

[3]As plaintiffs have sued these defendants only in their individual capacities, it is not necessary to address defendant's next argument that plaintiffs' amended complaint fails to state a claim against them in their supervisory capacities.

*Attorney's Fees*

The ruling on attorney's fees is **DEFERRED** at this time.[4]

**CONCLUSION**

Based on the foregoing reasons, I recommend that the motion to dismiss [rec. doc. 26] be **GRANTED**, and that all claims against Hilda Curry, Therese Segura, Ernest Wilson, David Broussard, Rocky Romero, Raymond Lewis, Dan Doerle and Freddie DeCourt in their individual capacities, be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN TEN (10)**

---

[4] Prevailing defendants are entitled to attorney fees only when a plaintiff's underlying claim is frivolous, unreasonable, or groundless. *U.S. v. State of* Miss.,921 F.2d 604, 609 (5th Cir.1991);*Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). The factors important to frivolity determinations are (1) whether plaintiff established a prima facie case, (2) whether the defendant offered to settle, and (3) whether the district court dismissed the case or held a full-blown trial. *Id*. (citing *EEOC v. Kimbrough Inv. Co.*, 703 F.2d 98, 103 (5th Cir.1983)). At this point, such determination is premature.

**DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.** *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).

Signed October 20, 2008, Lafayette, Louisiana.

*[signature]*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE